IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| DONALD LEE YOUNG § | CASE NO: 05-94375 | |
| Debtor(s) § | | |
| § | CHAPTER 13 | |
| § | | |
| CHRIS DI FERRANTE § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 06-03195 | |
| § | | |
| DONALD YOUNG, *et al* § | | |
| Defendant(s) § | | |

**MEMORANDUM OPINION**

Donald and Doris Young and their daughter Donna Holcomb ("Defendants") request the Court to dismiss this adversary proceeding. Chris Di Ferrante's ("Plaintiff") opposes dismissal. Subject matter jurisdiction over the adversary proceeding arose under 28 U.S.C. § 1334(b) because the adversary proceeding was related to Donald Lee Young's bankruptcy case. Defendants' principal argument for dismissal of the adversary proceeding is that Donald Lee Young's bankruptcy case was dismissed.

Defendants' motion is denied. Interests of economy, convenience, fairness, and comity favor the Court's continued jurisdiction.

**Background**

The Court has become well-acquainted with Defendants over the past three years. To date, the Youngs, Ms. Holcomb, and Ms. Holcomb's corporation have filed nine separate bankruptcies. The Court has issued an opinion detailing Defendants' bankruptcy history. *In re Young*, 2007 WL 128280 (Bankr. S.D. Tex. Jan. 10, 2007). This opinion incorporates those facts. In summary, Defendants have been litigating with Plaintiff regarding various properties for

1

years. The Court has held that Defendants have "operated as a single financial unit" throughout their disputes. *In re Young*, at * 9. A state court that heard similar litigation made the same finding. *Id*. Consequently, the Court has attributed each defendant's actions to all defendants. *Id*.

Defendants' present motion arises from Donald Young's second chapter 13 bankruptcy case, filed October 16, 2005. Plaintiff filed an adversary proceeding related to that case February 14, 2006. Plaintiff alleged that an incorporated entity owned by the Youngs' daughter violated Texas's fraudulent transfer statute by making certain property transfers to the Youngs. Accordingly, Plaintiff requested the Court to declare that the disputed property was fraudulently transferred and not the Youngs' homestead, and award attorney's fees.

On July 14, 2006, Donald Young's second chapter 13 case was dismissed with prejudice against refiling for 180-days. The dismissal occurred because Mr. Young had failed to comply with this Court's order allowing an inspection of his property and requiring document production.

One month latter, on August 14, 2006, Doris Young filed a motion asking the Court to dismiss this adversary proceeding based on 28 U.S.C § 1334(c)(1)&(2), the permissive and mandatory abstention provisions. The Court held a hearing on the motion on September 15, 2006. At the hearing, the Court indicated that it would consider granting Defendants' motion, but would require the parties to consent that the adversary proceeding would not again be stayed or removed if another serial bankruptcy petition were filed. Defendants declined to so consent and withdrew their motion. Accordingly, the Court determined that abstention was not appropriate. The Court was concerned that Defendants would do what they in fact did do: file a serial bankruptcy petition which would again prevent Plaintiff from having his day in court.

2

Donald Young filed his third petition on March 5, 2007. Doris Young filed her second petition on Dec. 4, 2006. Of particular importance to the motion before the Court, Donald Young's bankruptcy case arising from his third petition remains pending before the Court.

In this proceeding and in prior related matters, Defendants have repeatedly refused to comply with Plaintiff's discovery requests and court orders. On January 12, 2007, Plaintiff filed his first motion for sanctions in response to discovery abuses. Defendants did not raise a dismissal issue. On March 21, 2007, Plaintiff filed a renewed motion for sanctions. Defendants did not raise a dismissal issue. On April 18, 2007, the court issued a sanctions order requiring Defendants to: (1) within 10 days, pay $3,000 to the Court's registry to compensate Plaintiff for losses caused by Defendants' discovery abuses should the Court determine Plaintiff in fact suffered monetary losses; (2) within 5 days, file alternative dates for depositions; and (3) appear at the scheduled depositions. Defendants ignored these requirements.

On April 30, 2007, Defendants filed the present motion. The motion seeks the same relief sought by Defendants' August 14, 2006 motion: that the Court dismiss this adversary proceeding. The motion also seeks to vacate the Court's April 18 sanctions order. Defendants contend that 5th Circuit case law requires the court to dismiss Plaintiff's adversary proceeding.

### Jurisdiction

This Court has jurisdiction over these motions pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. The United States District Court's standing order of reference refers these matters to the bankruptcy judges for this district.

### Legal Issues

**1. Jurisdiction When the Adversary Proceeding was Filed**

3

This Court had jurisdiction over this adversary proceeding when it was filed. 28 U.S.C. § 1334(a) gives district courts original and exclusive jurisdiction in cases brought under title 11, the U.S. Bankruptcy Code. District courts have "original but not exclusive jurisdiction of all civil proceedings *arising under* title 11, or *arising in or related to* cases under title 11." 28 U.S.C. § 1334(b) (emphasis added). The Supreme Court has noted "related to" bankruptcy proceedings include "(1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy estate." *Arnold v. Garlock*, 278 F.3d 426, 434 (5th Cir. 2001) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.5 (1995)). The Fifth Circuit has stated that a mater is related to a case under title 11 if "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *Wood*, 825 F.2d at 93 (citing *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir. 1984)). Even when there is a possibility a suit may ultimately have no effect on the estate, this possibility is not enough to conclude there would be no *conceivable* effect. *Id*. "Certainty or even likelihood of such an effect is not a requirement." *Arnold*, 278 F.3d at 434 (citing *In re Canion*, 196 F.3d 579, 858 (5th Cir. 1999)). The "plaintiffs' claims however, must affect the estate, not just the debtor." *Wood*, 825 F.2d at 93 (citing *In re Cemetery Dev. Corp.*, 59 B.R. 115, 121 & n.13 (Bankr. M.D. La. 1986)).

If the Plaintiff prevails in this adversary proceeding, it will reduce the claims against the estate and could increase the estate's non-exempt assets. Defendants do not dispute that this proceeding could affect the estate and thus was "related to" the title 11 case.

Once the court has determined a suit is "related to" title 11, subject matter jurisdiction vests with the district court. Upon reference from the district court, bankruptcy judges then have authority under 28 U.S.C. § 157. Section 157 states that each district court may provide that

"proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges." 28 U.S.C. § 157(a). Bankruptcy judges may "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 . . . and may enter appropriate orders and judgments." 28 U.S.C. § 157(b). The United States District Court for the Southern District of Texas has provided for referral of adversary proceedings to the bankruptcy judges of this District.

## 2. Jurisdiction After the Bankruptcy Case was Dismissed

Generally, "if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996) (quoting *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). A contrary rule would allow debtors to game litigation. When litigation appeared to be heading in an unfavorable direction, the debtor could simply dismiss the bankruptcy case and start anew in a different court. *Chapman v. Currie Motors, Inc.*, 65 F.3d 78, 81 (7th Cir. 1995); *In re Romero*, 2007 WL 433294 (Bankr. S.D. Tex. Feb. 2, 2007).

Nevertheless, a bankruptcy court should generally dismiss related proceedings after the bankruptcy case has been closed. *In re Querner*, 7 F.3d 1199, 1201 (5th Cir. 1993) (citing *In re Carraher*, 971 F.2d 327 (9th Cir. 1992)). However, the general rule is permissive rather than mandatory. "The decision to retain jurisdiction over related proceedings rests within the sound discretion of the bankruptcy court." *Id.* at 1202; *Porges v. Gruntal & Co.*, 44 F.3d 159, 162 (2d Cir. 1995); *In re Morris*, 950 F.2d 1531, 1533 (11th Cir. 1992); *In re Smith*, 866 F.2d 576, 580 (3d Cir. 1989). *See also* 28 U.S.C. 1334(c)(1) (allowing but not requiring a district court to abstain from a proceeding related to a bankruptcy case). Additionally, "nothing in the statute governing bankruptcy jurisdiction mandates automatic dismissal of related proceedings upon

termination of the underlying bankruptcy case." *Querner*, 7 F.3d at 1201–02 (citing 11 U.S.C. § 349(b)); *In re Porges*, 44 F.3d 159, 162 (2nd Cir. 1995).

A bankruptcy court's decision to retain jurisdiction over related proceedings after the bankruptcy case has been dismissed must be based on the balance of four factors: economy, convenience, fairness, and comity. *Querner*, 7 F.3d at 1202 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353 (1988). *See also In re Bass*, 171 F.3d 1016, 1025 (5th Cir. 1999) ("[s]imilar to a federal district court's decision regarding the retention of jurisdiction over pendant state claims after federal claims have been dismissed, a bankruptcy court must consider the factors of economy, convenience, fairness, and comity in deciding whether to dismiss or retain jurisdiction over related proceedings").

### 3. Analysis

As discussed below, the factors set forth in *Querner* favor retention of this adversary proceeding. *Querner* dealt with an adversary proceeding that was related to a dismissed chapter 13 case. Before the Court analyzes the *Querner* factors, a separate issue must be addressed.

This adversary proceeding was filed as a proceeding "related to" Donald Young's bankruptcy case 05-94375. Case 05-94375 was dismissed and the Defendants ask the Court to abstain based on the dismissal of case 05-94375.

After case 05-94375 was dismissed, Donald Young filed a new bankruptcy case. It is pending. Doris Young also filed a new bankruptcy case. It is pending. The subject matter of the adversary proceeding is related to both newly filed and presently pending bankruptcy cases.

The Court sees no basis for dismissal of the adversary proceeding based on the dismissal of case 05-94375 when cases 07-80119 and 06-80534 remain pending. There is no statutory, logical, or equitable basis for doing so.

*Querner* did not deal with debtors who were presently in bankruptcy cases pending before the Court. Accordingly, the principal factor mandating retention of this adversary proceeding was not an issue in *Querner*. Because of the two presently pending and related bankruptcy cases—a reason unrelated to a *Querner* analysis—the Court denies dismissal. Nevertheless, the *Querner* factors also mandate retention.

*Economy.* When evaluating the factors, circuit courts have placed particular weight on the adversary proceeding's proximity to final resolution within the bankruptcy court. *In re Querner,* 7 F.3d at 1202; *In re Porges,* 44 F.3d at 163. Dismissing an adversary proceeding after extensive time and resources have been expended on the proceeding and the lawsuit's conclusion has neared would be unfair to the litigants and waste judicial resources. *In re Porges*, 44 F.3d at 163. For example, in *Porges*, the Second Circuit held that the bankruptcy court *properly* retained jurisdiction where the bankruptcy court had already conducted a trial and needed only to issue conclusions of law and enter judgment. 44 F.3d at 163. In contrast, the Fifth Circuit's *Querner* opinion held that the bankruptcy court *improperly* retained jurisdiction, in part, because the court had yet to begin a trial on the related matter and thus had "expended few judicial resources." 7 F.3d at 1202.

As in the *Porges* case, Plaintiff's adversary proceeding has neared its resolution. Consistent with the Court's April 18th sanctions order, all factual allegations have been deemed in Plaintiff's favor. The Court need only make final conclusions of law and enter a judgment. Contrary to Defendants' argument, the adversary proceeding is not one where retention of jurisdiction will result in a lengthy trial that will duplicate work already completed in a state court. The opposite is true. Retention will resolve a dispute that has lasted years. Dismissal would force Plaintiff to re-litigate his claims in state court.

Additionally, the adversary proceeding does not involve new issues or facts unfamiliar to the Court. Over the past years, the Court has become well-acquainted with the parties and issues presented by the action. The Court has held numerous hearings and consumed numerous hours over the parties' discovery disputes. The disputes continue today within Donald and Doris's re-filings.

*Convenience.* Defendants concede the convenience factor in their response to Plaintiff's answer. The Court briefly notes that continued jurisdiction will be most convenient for the parties. Retained jurisdiction will not force the parties to re-litigate the same claims in different forums. The lawsuit has already been subject to extensive discovery and litigation in this Court.

*Fairness.* Defendants concede the fairness factor in their response to Plaintiff's answer. The Court briefly notes that fairness strongly favors retained jurisdiction. To dismiss the action and force the parties to re-litigate now would be grossly unfair. Moreover, dismissal would further delay Plaintiff's day in court. Doris and Donald Young both have pending bankruptcy cases that would prevent the state court from resolving the dispute. Defendants' history of repeat filing, discovery abuses, and flaunting of court orders, suggests Defendants will continue to prevent Plaintiffs' claims from being finally resolved.

*Comity.* The adversary proceeding is based on state law. However, the property subject to the state law action remains essential to bankruptcy cases presently before the Court. Both Doris and Donald Young have filed new bankruptcy petitions and the adversary proceeding's resolution will affect their pending bankruptcy cases. Moreover, Donald Young has asked the Court to reconsider the Court's prior denial of a motion to extend the stay. A hearing on his motion for reconsideration is pending. Thus, contrary to Plaintiffs' contention, the case is not without federal interests. Rather, because both Donald and Doris Young filed new bankruptcy

cases, the federal interest is as strong now as it was before Mr. Young's second filing was dismissed.

## Conclusion

The Court denies Defendants' motion to dismiss. A separate order will be issued.

Signed at Houston, Texas, on June 1, 2007.

MARVIN ISGUR
United States Bankruptcy Judge